**UNITED STATES of America,
Appellee,**

v.

**Wayne KENNON, Appellant.**

**No. 15260.**

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1971.

Decided Sept. 7, 1971.

Jack B. Stevens, Alexandria, Va., Court-appointed (Howard, Stevens, Lynch, Cacheris, Cake & Howard, Alexandria, Va., on brief), for appellant.

K. Gregory Haynes, Sp. Asst. to the U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before BOREMAN, CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

Wayne Kennon was convicted on two charges of kidnapping and one charge of rape. We affirm.

On October 5, 1969, Mr. Y [1] and Miss X were kidnapped by two Negro males as the couple left a nightclub in Washington, D. C. The couple was driven, in the car of Miss X, to a secluded spot in Virginia on the Ft. Meyer military reservation, owned by and within the territorial jurisdiction of the United States. There, while Mr. Y was held at gunpoint first by one and then the other kidnapper, each Negro raped Miss X. One of

1. The names of the principal victim and her companion are not disclosed here for obvious reasons.

the Negroes was subsequently identified as defendant Kennon. Following the rape, Miss X and Mr. Y were released.

On October 8, 1969, the FBI exhibited to each of the victims separately a total of fourteen photographs of possible suspects. Miss X noted that the defendant's photograph looked "shockingly" like one of her assailants. Mr. Y also stated that Kennon's photograph resembled one of the assailants.

On October 17, 1969, a lineup, in which the defendant voluntarily participated, was held at Ft. Meyer; both Miss X and Mr. Y identified Kennon as one of their assailants. The defendant was there represented by two lawyers from the staff of the Judge Advocate's office.

The defendant made a motion to suppress the lineup identifications made at the Ft. Meyer lineup. At a pretrial hearing on this motion the district judge refused to grant the request of defense counsel that the victims be present for questioning. The judge expressed the opinion that any eventual in-court identification of the defendant by the victims would be prejudiced by seeing and observing Kennon, the only Negro in military uniform, present at the hearing. The court concluded, from the evidence adduced, that the lineup had been conducted fairly and denied the defendant's motion to suppress the identifications.

At trial both Miss X and Mr. Y identified Kennon and he was convicted of kidnapping and raping Miss X and of kidnapping Mr. Y.

The principal question presented on appeal concerns the pretrial hearing held to assess the fairness of the Ft. Meyer lineup. Kennon contends that the refusal of the trial court to allow him to call the victims to attend this hearing violated his fifth amendment right to due process of law since as a consequence he could not adequately gauge the fairness of the lineup as a whole other than by a perilous[2] questioning of the victims before the jury. We find no authority mandating the presence of identification witnesses at a pretrial hearing of this type and under the incident circumstances. Furthermore, substantial evidence that the lineup was fairly conducted was adduced at the pretrial hearing. Even one of counsel who represented the defendant at the lineup testified that in his opinion the lineup procedures were free from taint and were fair in every respect. We find no abuse of discretion by the district judge in declining to require the presence of the victims at the pretrial hearing.

Upon consideration of the briefs and oral argument and after a thorough review of the record we find that appellant's remaining assignments of error are without substance.

Affirmed.

---

2. The prosecution did not introduce into evidence at trial the identifications at the lineup at Ft. Meyer.