STATE v. JAMES HERBERT MALONEY.

204 N. W. 2d 202.

January 26, 1973—No. 43489.

*Thomson, Wylde & Nordby* and *Jack S. Nordby*, for appellant.

*Warren Spannaus*, Attorney General, *William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

Harold W. Schultz, Justice.*

This is an appeal from a judgment of conviction of aggravated robbery, Minn. St. 609.245, following a trial by jury.

On March 20, 1971, at approximately 10 p. m. at the Roseville Target Store two cashiers, Debra Smith and Andrea Casci, were robbed. They both were able to describe the robber and to give some details as to his clothing and what he said and did. They said that he appeared to be armed with what they thought was a sawed-off shotgun. Four days after the robbery, Miss Smith was shown about 13 photographs and selected 2 that "resembled" the robber. Miss Casci viewed the same photographs but did not recognize any as being that of the robber. About 3 days later, both girls were called into the Roseville police station where they reexamined the same photographs, except for 2 which had been removed, and 1 photograph of the defendant which had been added. Both girls, after examining the photos, selected the defendant's picture and requested a lineup or personal view. Accordingly, two police officers took the girls in an unmarked squad car to a loading dock in Minneapolis where about 15 persons, including the defendant, were working in the area. They identified the defendant as the robber.

After a preliminary hearing at which Miss Smith made an in-court identification of the defendant and a Rasmussen hearing where only police officers testified as to the identification procedures, the matter went to trial.

At the trial, the eyewitness identifications by Miss Smith and Miss Casci were the only evidence presented on behalf of the state connecting defendant with the crime. Defendant testified on his own behalf, denying the crime and presenting several alibi witnesses.

This appeal raises the following issues: (1) Did the identification procedures violate defendant's right to due process? (2) Was there sufficient evidence to warrant a jury's finding defend-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

ant guilty of aggravated robbery? (3) Did the trial court err in allowing evidence on redirect as to pretrial photographic identification not introduced on direct? (4) Did the court err in failing to strike the references of the eyewitnesses to a sawed-off shotgun?

In cases involving photographic and lineup identification, the question of whether defendant's right to due process has been violated depends upon the "totality of the circumstances." Foster v. California, 394 U. S. 440, 442, 89 S. Ct. 1127, 1128, 22 L. ed. 2d 402, 406 (1969) (lineup identification); Simmons v. United States, 390 U. S. 377, 383, 88 S. Ct. 967, 970, 19 L. ed. 2d 1247, 1252 (1968) (photographic identification); Stovall v. Denno, 388 U. S. 293, 302, 87 S. Ct. 1967, 1972, 18 L. ed. 2d 1199, 1206 (1967). See, also, Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). Pretrial photographic identification will be set aside only where the procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384, 88 S. Ct. 967, 971, 19 L. ed. 2d 1247, 1253; State v. Burch, 284 Minn. 300, 314, 170 N. W. 2d 543, 553 (1969).

The procedures of the police were not so impermissibly suggestive as to give rise to any substantial likelihood of misidentification. The robbery took place in a well-lighted store at an hour when there were few customers present. The witnesses saw the robber at close range; he was not masked; and they had plenty of time to observe his features. The witnesses were not frightened or shocked, knew that a robbery was in progress, and behaved calmly and rationally. At the first viewing of the photographs, the witnesses saw them separately. On the occasion of the second viewing, while they were at the viewing together, their identification was without suggestion by either the police or their mutual presence. Finally, the informal lineup was not tainted by any suggestion on the part of the police and was free from the artificial atmosphere of a police setting as well as nervousness or self-consciousness on the part of the defendant. Un-

der the circumstances in this case, we feel that the procedures used did not give rise to a substantial likelihood of misidentification.

Defendant contends that the presence of the two girls was required at the Rasmussen hearing, that since the identification evidence "depended upon the states of mind, and the effect of the police procedures upon the states of mind, of the eyewitnesses, the burden could be met only with their testimony." However, this court in State v. Bishop, 289 Minn. 188, 183 N. W. 2d 536 (1971), in discussing identification testimony in the Rasmussen context, said that such testimony was mainly evidentiary and that a Rasmussen hearing should not be used for discovery purposes. Moreover, this court said:

"* * * [W]e are not prepared to say that in every situation where identification witnesses may be used, their testimony should be filtered or tested by a pretrial proceeding." 289 Minn. 193, 183 N. W. 2d 539.

This court has recently cited with approval State v. Bishop, *supra*, on allowing the trial court discretion relative to what matters should be admitted on identification issues at a pretrial hearing. State v. Bell, 294 Minn. 189, 191, 199 N. W. 2d 769, 771 (1972). In United States v. Kennon, 447 F. 2d 465, 466 (4 Cir. 1971), the court said:

"* * * We find no authority mandating the presence of identification witnesses at a pretrial hearing of this type and under the incident circumstances. Furthermore, substantial evidence that the lineup was fairly conducted was adduced at the pretrial hearing."

In examining defendant's contention that the jury did not have sufficient evidence upon which to find defendant guilty, we must assume from the record that the jury chose to believe the state's witnesses and to disbelieve the defendant's witnesss. In State v. Sutton, 272 Minn. 399, 402, 138 N. W. 2d 46, 48 (1965), we said:

"* * * [T]he believability and persuasive force of the identification testimony, as well as the defense evidence in the nature of an alibi, was for the jury. Applying well-settled rules, we are not persuaded that the evidence was insufficient to sustain the jury's determination of guilt beyond a reasonable doubt, even though the eyewitnesses' testimony bespeaks the possibility of error."

That statement is equally applicable to the case at hand. There is ample evidence in the record to sustain the verdict.

The defendant's contention that the court erred in receiving pretrial photographic identification testimony on redirect examination where no testimony relating to that subject was elicited on direct is, in the entire context of the trial, an insufficient ground to reverse. A reading of the record would indicate a careful and cautious handling of this matter by court and counsel, so that if error occurred, it was at most harmless error.

Defendant's contention as to the gun is without merit. The witnesses testified that the robber carried some type of gun. Proof of the presence of a dangerous weapon, i. e., a gun, was elemental to the proof of the offense of aggravated robbery. This testimony and the charge of the court with respect to the weapon preclude any finding of prejudice or error with respect to this matter.

Affirmed.