## STATE v. JEROME HOLBROOK.

230 N. W. 2d 456.

May 9, 1975—No. 44648.

*C. Paul Jones,* State Public Defender, and *James H. Manahan,* for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Michael J. Bradley,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of four drug offenses (sale of marijuana on August 24, 1972, sale of hashish on August 24, 1972, possession with intent to sell marijuana on August 24, 1972, and sale of marijuana on August 11,

1972).[1] He was sentenced by the trial court to four concurrent maximum indeterminate terms of 2 years' imprisonment and contends on this appeal[2] that (1) we should grant him a new trial because the trial court erred in instructing the jury that it was to apply the so-called subjective test in considering the defense of entrapment, or (2) we should vacate one of the two convictions for selling marijuana and hashish on August 24, 1972, because these two convictions resulted from a single sale of legally indistinguishable substances.

1.  In instructing the jury on the defense of entrapment, the trial court followed the law in Minnesota as enunciated in State v. Poague, 245 Minn. 438, 72 N. W. 2d 620 (1955), in which this court stated that the test in force in Minnesota was the so-called subjective test. Defendant contends that this was error and urges this court to adopt the so-called objective test. After careful consideration we have decided not to adopt the so-called objective test. State v. Grilli, 304 Minn. 80, 230 N. W. 2d 445 (1975).

2.  In considering defendant's second contention that the sales of marijuana and hashish on August 24, 1972, were legally indistinguishable, we start with the fact that the statutory definition of "marijuana" covers both the resinous (hashish) and nonresinous (ordinary marijuana) forms of marijuana sold by defendant in this case.[3] This is not surprising because, as de-

---

[1] Defendant was charged but acquitted of an additional offense, possession of hashish with intent to sell on August 24, 1972.

[2] Defendant, who is free on bond, appeals from judgment of conviction and from an order denying his motion for a new trial.

[3] Minn. St. 152.01, subd. 9, provides: " 'Marijuana' means all parts of the plant Cannabis sativa L., including all agronomical varieties, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, but shall not include the mature stalks of such plant, fiber from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks, except the resin extracted therefrom, fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

fendant points out, both are from the same plant and both have the same active ingredient, Tetrahydrocannabinol (THC), the only difference being that hashish or the resinous form of marijuana contains more THC percentagewise than nonresinous marijuana and, therefore, sells for more per ounce and is used in smaller amounts.[4] The statute does provide for a difference in punishment between the defendant who is convicted of possessing 1.5 ounces or less of nonresinous marijuana and the defendant who is convicted of possessing 1.5 ounces or less of resinous marijuana. See, Minn. St. 152.01, subd. 16, and 152.15, subd. 1(5), and subd. 2(5). This is based upon the fact that nonresinous marijuana is less potent than resinous marijuana. But it does not necessarily follow, as the state contends, that the legislature intended that a defendant who possesses or sells both resinous and nonresinous marijuana at the same time has committed two separate, legally distinct offenses. Certainly the statutes—see, in addition to those already cited, §§ 152.02, subd. 2(3), and 152.09, subd. 1—do not make this clear. Since we are dealing with a criminal statute, it would be wrong to presume that the legislature intended this to be the case. Therefore, one of the two convictions for sale of hashish and marijuana on August 24, 1972, must be reversed.

Affirmed in part; reversed in part; and remanded to the district court with directions to vacate one of the judgments entered.

---

[4] See, Minnesota Continuing Legal Education, Minn. Practice Manual 56, Alcohol Abuse and Drug Abuse, pp. 51-52.