**STATE of Minnesota, Respondent,**

v.

**Donald Eugene KOONSMAN, Appellant.**

**No. 48300.**

Supreme Court of Minnesota.

June 1, 1979.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen. and Craig H. Forsman, Sp. Asst. Atty. Gen., St. Paul, Julius E. Gernes, County Atty., Winona, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of two counts of kidnapping, Minn.St. 609.25, subd. 1, and four counts of criminal sexual conduct, Minn.St. 609.-344(b), 609.344(c), 609.345(b), and 609.345(c), and the trial court sentenced defendant to three concurrent terms of 10 years (one term for each of the two kidnapping convictions and one term for violating § 609.344). On this appeal from judgment of conviction defendant contends that (1) the evidence was legally insufficient to sustain the verdicts, (2) three of the four convictions for criminal sexual conduct must be reversed because all four were based on the same single act by defendant against the same victim, (3) the sentence for the remaining conviction for criminal sexual conduct must be reversed because the offense arose from the same behavioral incident as the kidnapping of the victim against whom the sexual offense was committed, (4) his right of confrontation was denied by the prosecutor's failure to call the victims to testify at the omnibus hearing, and (5) he was prejudiced by the trial court's refusal to allow individual questioning of each prospective juror outside the presence of the others. We affirm the convictions and sentences for the kidnappings, affirm the conviction but vacate the sentence for criminal sexual conduct in the third degree, and vacate the remaining convictions for which defendant was not sentenced.

1. The state's evidence indicated that defendant kidnapped two brothers, ages 7 and 13, for the purpose of facilitating the commission of sex acts and that in fact defendant committed fellatio upon one of the boys. There is no merit to defendant's contention that there was legally insufficient evidence that he was the man who kidnapped the boys or that he used "force or coercion" to commit the sex act upon the one boy. The identification procedure leading to defendant's identification by the boys—a one-on-one showup moments after the crime—did not in this case create a "very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

2. Defendant's next contention is that three of the four convictions for criminal sexual conduct must be reversed. The state agrees with defendant on this and we do too. Minn.St. 609.04, subd. 1, provides in relevant part that "[u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, *but not both.*" (Italics supplied.) Under this statute if a defendant commits one act which violates two different criminal statutes, one of which is included in the other, the defendant may be convicted of only one of the two crimes. The state cannot avoid the application of the principles expressed in § 609.04 by fashioning separate counts.[1] In the instant case defendant committed only one criminal sexual act but was charged and found guilty of two counts of criminal sexual conduct in the third degree and two in the fourth degree. Allowing all four convictions to stand would violate the

---

1. Whether or not the state fashions separate counts in such a situation is immaterial in determining the proper instructions to the jury. Whether the included offenses are charged separately or are not charged but are submitted as lesser-included offenses, the court should submit the offenses to the jury in the same basic manner, permitting a guilty verdict to only one of the offenses.

principles expressed in § 609.04 and would unfairly exaggerate the criminality of defendant's conduct. See, also, *State v. Orscanin*, 266 N.W.2d 880 (Minn.1978) (reversing one of two burglary convictions where both convictions were based on a single act of burglary); and *State v. Hollbrook*, 304 Minn. 137, 230 N.W.2d 456 (1975).

■ 3. Defendant's third contention is that the sentence for the remaining conviction for criminal sexual conduct must be reversed because the offense arose from the same behavioral incident as the kidnapping of the victim against whom the offense was committed. Minn.St. 609.035. We agree, because it appears that defendant's criminal objective was to commit an act of sexual misconduct and that the kidnapping was for this purpose. See, *State v. Prudhomme*, 303 Minn. 376, 228 N.W.2d 243 (1975). It is true that the sentence was a concurrent sentence, but as we held in *State v. Idowu*, 272 N.W.2d 354 (Minn.1978), concurrent sentencing is multiple sentencing for purposes of the ban on multiple punishment for two crimes arising from the same behavioral incident.

■ 4. Defendant next contends that he was denied his right of confrontation by the prosecutor's failure to call the victims to testify at the omnibus hearing on the issue of the admissibility of the identification testimony. We have rejected similar arguments before—see, e.g., *State v. Maloney*, 295 Minn. 262, 204 N.W.2d 202 (1973)—and we do so again. The objectives of the confrontation clause and the compulsory-process clause are to assist the defendant in securing the presence of witnesses and to enable the defendant to examine witnesses whose statements are used against him at trial. Westen, *Confrontation and Compulsory Process*, 91 Harv.L.Rev. 567, 616. Stated differently, confrontation and compulsory process "work in tandem toward a common goal of assisting the defendant in producing and examining witnesses at trial." *Ibid.*, p. 622. In any event, even if it could be said that the prosecutor breached some duty to call the victims, defendant should not be able to claim that the inter-ests served by confrontation and compulsory process were not served in this case because he had the right to call the victims at the hearing. Any other rule would permit a defendant to challenge his conviction in bad faith by pointing to the prosecutor's failure to call a witness whom defendant by his own action demonstrated he had no desire to examine.

■ 5. Defendant's final contention is that he was prejudiced by the trial court's refusal to allow individual questioning of each prospective juror outside the presence of the others.

Rule 26.02, subd. 4(2)(b), Rules of Criminal Procedure, provides:

"(b) Prejudicial Publicity. Whenever there is a significant possibility that individual jurors will be ineligible to serve because of exposure to prejudicial material, the examination of each juror with respect to his exposure shall take place outside the presence of other chosen and prospective jurors."

We need not decide whether the trial court erred in denying defendant's motion in this case because no showing has been made that defendant was prejudiced by the denial. As we stated recently in *State v. Beier*, 263 N.W.2d 622, 626 (Minn.1978), "a defendant in a criminal case seeking reversal on appeal on this ground [prejudicial publicity] must show that he actually was prejudiced by the publicity." The record indicates that defendant received a fair trial by an impartial jury.

We affirm the convictions and sentences for the kidnappings, affirm the conviction but vacate the sentence for criminal sexual conduct in the third degree, and vacate the remaining convictions for which defendant was not sentenced.