STATE of Minnesota, Respondent,

v.

Michael Anthony TERRY, Appellant.

No. 50465.

Supreme Court of Minnesota.

July 3, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of one count of receiving stolen property, Minn.Stat. § 609.53, subd. 1(1) (1978), and two counts of theft by retaining possession of and transferring stolen property, Minn.Stat. § 609.52, subd. 2(1) and 3(2) (1978). The trial court adjudicated defendant guilty only of the offense of receiving stolen property, sentencing him to the maximum term of 10 years, with the term to run consecutively to a prior prison term defendant was serving. Issues on defendant's appeal from judgment of conviction are (1) whether the trial court violated defendant's right to a speedy trial by granting a prosecution motion for a continuance, (2) whether the evidence on the issue of identification was legally insufficient and (3) whether the two convictions for which defendant was not sentenced should be vacated as being in violation of Minn.Stat. § 609.035 (1978), the statute prohibiting serialized prosecution or multiple punishment for multiple offenses arising from the same behavioral incident. We affirm.

The continuance in this case was necessitated by the unavailability of a key prosecution witness. The prosecutor was diligent in attempting to locate this witness and the resultant delay was neither lengthy nor unfairly prejudicial to defendant's rights. After considering all the relevant factors—see *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)—we conclude that defendant's right to a speedy trial was not violated by the granting of the continuance.

There is no merit whatever to defendant's contention that the evidence on the issue of identification was legally insufficient.

Defendant's only other contention is that the two convictions for which he was not sentenced should be vacated as being in violation of section 609.035. That statute, which bars multiple sentencing but not multiple convictions for multiple offenses arising from the same behavioral incident, clearly has no application. The state in its brief suggests that possibly two of the convictions would be barred by Minn.Stat. § 609.04 (1978). *See State v. Hesse*, 281 N.W.2d 491 (Minn.1979); *State v. Koonsman*, 281 N.W.2d 487 (Minn.1979); *State v. Orscanin*, 266 N.W.2d 880 (Minn.1978), *appeal after remand*, 283 N.W.2d 897 (Minn.), *cert. denied*, 444 U.S. 970, 100 S.Ct. 464, 62 L.Ed.2d 385 (1979); *State v. Holbrook*, 304 Minn. 137, 230 N.W.2d 456 (1975). However, as in *State v. Ashland*, 287 N.W.2d 649 (Minn.1979), the prosecutor concedes that defendant was formally adjudicated guilty of receiving or concealing stolen property but not of the other two offenses. This fact obviates the need for determining the applicability of section 609.04.

Affirmed.