STATE of Minnesota, Respondent,

v.

William Lee JONES, Appellant.

No. 51624.

Supreme Court of Minnesota.

April 3, 1981.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of two counts of soliciting another person to practice prostitution; specifically, defendant was found guilty of one count of using force to solicit an individual to practice prostitution, Minn.Stat. § 609.-322, subd. 1(2) (1980), and one count of soliciting an individual who is at least 16 but less than 18 years old to practice prosti-

tution, section 609.322, subd. 2(1). The trial court sentenced defendant to consecutive prison terms of 10 years and 5 years for the two convictions. Defendant contends on this appeal from the judgment of conviction that the two convictions violate Minn.Stat. § 609.04 (1980), as well as section 609.035. We affirm.

Defendant does not challenge the sufficiency of the evidence for the two convictions; rather, he contends that it was improper to convict him of two offenses and/or sentence him twice for his conduct. The contention that it was improper to convict him of the two different sections of the same statute is based on Minn.Stat. § 609.04 (1980), which, as interpreted by this court— see *State v. Koonsman*, 281 N.W.2d 487 (Minn.1979)—forbids two convictions of the same offense (or of one offense and a lesser included offense) on the basis of the same criminal act. The contention that it was improper to sentence defendant for both convictions relies on Minn.Stat. § 609.035 (1980), which bars multiple sentencing for two or more offenses arising from the same behavioral incident. While defendant implicitly concedes his conduct was not an uninterrupted course of conduct, he contends, nonetheless, that the jury might have been confused and might have based the two convictions solely on a single act by defendant, striking the victim on December 20, 1979, in order to induce her to practice prostitution.

We hold, based on our reading of the record, including the arguments of counsel and the trial court's instructions to the jury, that there was no significant probability that the jury was confused. Stated differently, the record supports the conclusion that the jury based the two convictions on separate acts by defendant and that therefore neither the two convictions nor the two sentences were improper.

Affirmed.