**William Lee JONES, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–746.**

Supreme Court of Minnesota.

July 27, 1982.

Barry V. Voss, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Margaret M. Marrinan, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by William Lee Jones, age 27, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner is serving consecutive prison terms of 10 years and 5 years for his 1980 convictions of two counts of solicitation to prostitution (convictions that were based on conduct occurring before the Sentencing Guidelines became effective). Petitioner's convictions were affirmed by this court in *State v. Jones*, 304 N.W.2d 29 (Minn.1981). Petitioner, who was assigned a matrix time of 43 to 49 months, is scheduled to be released from prison in September of 1983, when he will begin serving a consecutive federal prison term for possession of a firearm by a felon. Petitioner's Minnesota sentence will expire in March of 1993.

The more serious of the solicitation offenses is a severity level V offense. If the Sentencing Guidelines had been in effect at the time the crimes were committed, petitioner's criminal history score at the time of sentencing for the more serious offense would have been three. The presumptive sentence for a severity level V offense by a person with a criminal history score of three is 30 months in prison.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the nature of petitioner's offenses (one of which involved using force to solicit an individual to practice prostitution) and petitioner's record of recidivism, we conclude that the district court properly refused to resentence petitioner according to the Sentencing Guidelines.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.