Brian Eugene DANA, Appellant,

v.

DEPARTMENT OF CORRECTIONS, Appellee.

No. 89–5303MN.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1990.

Decided March 4, 1992.

Paul Engh, Minneapolis, Minn., for appellant.

Steven DeCoster, Asst. Ramsey County Atty., St. Paul, Minn., for appellee.

Before JOHN R. GIBSON, FAGG and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

A Minnesota jury convicted Brian Eugene Dana of sexually abusing his five-year-old son, C.D., and his four-year-old son, T.D. The trial court sentenced Dana to two consecutive forty-three month terms. Later, the Minnesota Court of Appeals reversed Dana's convictions. *State v. Dana,* 416 N.W.2d 147, 154 (Minn.Ct.App. 1987). After the Minnesota Supreme Court reinstated his convictions, *State v. Dana,* 422 N.W.2d 246, 251 (Minn.1988), Dana brought this federal habeas action. The district court denied Dana's petition. Dana appeals and we affirm.

Although the trial court ruled T.D. could not testify at Dana's trial, C.D. testified that Dana abused both him and his younger brother. In addition to C.D.'s testimony, adult witnesses testified about both boys' statements describing their abuse and identifying Dana as their abuser. These witnesses included a child psychologist, a pediatrician, the boys' mother, their stepfather, and a police officer. Dana's primary contention on appeal is that the admission of T.D.'s out-of-court statements through these adult witnesses violated Dana's rights under the Confrontation Clause.

"[T]he [C]onfrontation [C]lause neither bars the admission of all out-of-court statements, nor requires that all declarants be subject to cross-examination." *United States v. Dorian,* 803 F.2d 1439, 1446 (8th Cir.1986). The hearsay statements of an unavailable witness are admissible " 'if [they] bear[ ] adequate "indicia of reliability." ' " *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990) (quoted cases omitted). Dana does not dispute that T.D. was an unavailable witness within the meaning of the Confrontation Clause. Thus, we need only decide whether T.D.'s hearsay statements bear "sufficient indicia of reliability to withstand scrutiny under the Clause." *Id.,* 110 S.Ct. at 3147. Reliability can be inferred when a hearsay statement falls within a firmly rooted hearsay exception. *Id.* at 3146. A statement that does not fall within a firmly rooted exception must be excluded " 'absent a showing of particularized guarantees of trustworthiness.' " *Id.* (quoted case omitted).

Relying in part on evidence corroborating T.D.'s hearsay statements to the adult witnesses, the district court concluded T.D.'s statements were admissible because they possessed particularized guarantees of trustworthiness. After the district court denied Dana's habeas petition, however, the Supreme Court decided corroborating evidence cannot be used to determine trustworthiness. *See id.* at 3150. Having reviewed the record, we now conclude T.D.'s hearsay statements to the psychologist, the pediatrician, T.D.'s mother, and his stepfather were admissible without corroborating evidence.

■■■ The Department of Corrections argues T.D.'s statements to the psychologist and the pediatrician fall within Minnesota's medical diagnosis and treatment hearsay exception, *see* Minn.R.Evid. 803(4), and thus, the reliability of these statements can be inferred. Dana contends T.D.'s statements identifying Dana as his abuser do not fall within the exception because the statements are not relevant to diagnosis

and treatment. In Minnesota, however, a child sexual abuse victim's statements identifying the abuser as a member of the child's immediate family are relevant to diagnosis and treatment. *State v. Larson*, 453 N.W.2d 42, 47 (Minn.) (*Larson I*), vacated on other grounds, —— U.S. ——, 111 S.Ct. 29, 112 L.Ed.2d 7 (1990); *see State v. Larson*, 472 N.W.2d 120, 126 (Minn.1991) (en banc) (after remand of *Larson I*) (child sexual abuse victim's statements identifying abuser fall within exception), *cert. denied*, —— U.S. ——, 112 S.Ct. 965, 117 L.Ed.2d 131 (1992); *see also United States v. Renville*, 779 F.2d 430, 436 (8th Cir.1985) (involving identical federal exception).

Dana also contends T.D.'s statements to the psychologist do not fall within Minnesota's medical diagnosis and treatment exception because the psychologist abandoned her role as a therapist and lost her professional objectivity. Although the psychologist discontinued T.D.'s therapy to investigate whether Dana had abused T.D., the psychologist needed this information to treat T.D. effectively. *See Renville*, 779 F.2d at 436–38; *Larson I*, 453 N.W.2d at 47. The record does not show the psychologist lost her professional objectivity.

We conclude T.D.'s hearsay statements to the psychologist and the pediatrician fall within Minnesota's medical diagnosis and treatment hearsay exception. Because this exception is firmly rooted, *White v. Illinois*, —— U.S. ——, 112 S.Ct. 736, 742 n. 8, 116 L.Ed.2d 848 (1992), the reliability of T.D.'s statements can be inferred. *Wright*, 110 S.Ct. at 3146. Thus, the admission of T.D.'s statements to the psychologist and the pediatrician did not violate the Confrontation Clause.

■ We also conclude the admission of T.D.'s hearsay statements to his mother and stepfather did not violate the Confrontation Clause. The Minnesota trial court admitted T.D.'s statements to his mother and stepfather under a statutory exception to the hearsay rule. *See* Minn.Stat. § 595.02 subd. 3 (Supp.1985). Neither party argues this exception is firmly rooted. Thus, to satisfy the Confrontation Clause's reliability requirement, T.D.'s statements must possess particularized guarantees of trustworthiness. *See Wright*, 110 S.Ct. at 3146.

We believe T.D.'s statements to his mother and stepfather are particularly trustworthy for several reasons. First, T.D.'s revelations of abuse were either spontaneous or the result of nonleading questions. *See Wright*, 110 S.Ct. at 3152 (spontaneity indicates trustworthiness). The record does not show any inconsistencies in T.D.'s statements to his mother and stepfather. *See id.* at 3150. T.D.'s age suggests he lacked a motive to accuse Dana falsely and weighs in favor of trustworthiness. *See Dorian*, 803 F.2d at 1445; *Renville*, 779 F.2d at 441. Finally, T.D.'s graphic descriptions of abuse give his statements the ring of truth. *See Dorian*, 803 F.2d at 1445. We would not expect a four-year-old child to manufacture the lurid accusations of abuse T.D. made to his mother and stepfather. *See id.; United States v. Cree*, 778 F.2d 474, 477–78 (8th Cir.1985).

Although T.D. had been visiting the psychologist for a month when T.D. revealed the abuse to his mother and stepfather, we do not believe the visits prompted T.D.'s revelations. During the first month, the psychologist questioned T.D. in very general terms. The psychologist did not suggest Dana had abused T.D. and certainly did not provide T.D. with the vivid details of abuse that T.D. revealed to his mother and stepfather. We conclude T.D.'s statements to his mother and stepfather possess particularized guarantees of trustworthiness.

■ Disregarding the corroborating evidence relied on by the district court, however, we cannot conclude T.D.'s statements to the police officer are particularly trustworthy. The police officer used leading questions both times he interviewed T.D., and during the video-taped interview, T.D.'s statements were inconsistent. The police officer's testimony, however, played a minor role in the prosecution's case against Dana. The officer's testimony revealed nothing that did not otherwise come out at trial, and T.D.'s contradictory performance on the video tape aided Dana's

defense. Given the strength of the prosecution's case, we conclude the officer's testimony was "unimportant in relation to everything else the jury considered on the issue [of Dana's guilt]." *Yates v. Evatt,* — U.S. ——, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991). Thus, any error in admitting the police officer's testimony and the video tape was harmless beyond a reasonable doubt. *Id.,* 111 S.Ct. at 1892–93; *see United States v. Copley,* 938 F.2d 107, 110–11 (8th Cir.1991) (listing factors relevant to harmlessness).

Finally, Dana contends the evidence is insufficient to support his convictions for sexually abusing his sons. Having reviewed the record, we conclude sufficient evidence supports the jury's verdict. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

Accordingly, we affirm.