STATE of Minnesota,
Plaintiff-Petitioner,

v.

Alvin RUD, Rosemary Ann Rud,
Defendant-Respondent.

No. C0–84–248.

Supreme Court of Minnesota.

Dec. 21, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott County Atty., Shakopee, for plaintiff-petitioner.

H.R. Richard Hopper, Asst. Public Defender, Hastings, for Alvin Rud.

Richard D. Genty, Chief Public Defender, Winsted, for Rosemary Rud.

Patricia Hirl, Norton L. Armour, Minneapolis, amicus curiae for Mpls. Star & Tribune.

Paula D. Osborn, Michael J. Vanselow, St. Paul, amicus curiae for Northwest Publications and WCCO TV.

Diane K. Johnson, Shakopee, Paul H. Thomsen, Prior Lake, guardians-ad-litem.

Jerry Anderson, Janet A. Newberg, Sp. Asst. Attys. Gen., St. Paul, amicus curiae for Atty. Gen.

Jean M. Gerval, St. Paul, amicus curiae for County Attorneys Assoc.

AMDAHL, Chief Justice.

Defendants, who were charged with criminal sexual abuse of children, subpoenaed the alleged victims and another child to appear at the probable cause portion of the omnibus hearing. Defendants claimed that they needed to question the children in an attempt to determine as specifically as possible the dates of the alleged misconduct. Defendants argued that they then might be able to testify or call other witnesses at the hearing to support a motion to dismiss for lack of probable cause. The trial court quashed the subpoenas but certified the question to the Court of Appeals as important and doubtful pursuant to Minn.R.Crim.P. 28.03. A panel of the Court of Appeals, with one judge dissenting, ruled that the defendants had a limited right to call the alleged victims. *State v. Rud*, 352 N.W.2d 480 (Minn.Ct.App.1984).

We granted the petition for further review, and we now hold that the Court of Appeals erred in reversing the trial court's quashing of the subpoenas.

■ 1. We address at the outset the preliminary question whether the appeal should be dismissed as moot because of the state's decision, made after we granted its petition for further review, to dismiss the underlying charges against defendants. Ordinarily when a dispute between two litigants is settled or in some other way resolved during the pendency of an appeal, we dismiss the appeal as moot. However, the mootness doctrine is a flexible discretionary doctrine, not a mechanical rule that is invoked automatically whenever the underlying dispute between the particular parties is settled or otherwise resolved. *See* Note, *Mootness on Appeal in the Supreme Court,* 83 Harv.L.Rev. 1672 (1970).

■ We initially considered deciding this case without oral argument on the basis of the briefs submitted to the Court of Appeals, but then, at the urging of counsel for one of the defendants, not only allowed new briefs to be filed but solicited and obtained amicus briefs and held oral arguments. The fact that the dismissal occurred shortly before rather than shortly after our decision is a mere fortuity that does not affect our decision of the issues. Indeed, the oral arguments by counsel on both sides of the issue, held after the dismissal of the charges, only increased the functional justiciability of the issues. A case is functionally justiciable if the record contains the raw material (including effective presentation of both sides of the issues raised) traditionally associated with effective judicial decisionmaking. Counsel for the state and for the defendants made outstanding oral arguments in support of their respective positions and, significantly, both agree that the appeal should not be dismissed as moot.

In addition to being functionally justiciable, the issues presented are important public issues of statewide significance that should be decided immediately. Indeed, a failure to decide them now could have a continuing adverse impact in other criminal trials if trial judges were to rely on the Court of Appeals' decision. In summary, rather than waiting for another case presenting these same issues, which are now properly before us and ready for decision, we decide them now.

2–3. Minn.R.Crim.P. 11.03 provides:

The court shall hear and determine all motions made by the defendant or prosecution, including a motion that there is an insufficient showing of probable cause to believe that the defendant committed the offense charged in the complaint, and receive such evidence as may be offered in support or opposition. Each party may cross-examine any witnesses produced by the other. A finding by the court of probable cause shall be based upon the entire record including reliable hearsay in whole or in part. Evidence considered on the issue of probable cause shall be subject to the requirements of Rule 18.06, subd. 1.

Rule 18.06, subd. 1, provides:

An indictment shall be based on evidence that would be admissible at trial, with the following exceptions:

(1) Hearsay evidence offered only to lay the foundation for the admissibility of otherwise admissible evidence shall be admissible provided admissible foundation evidence is available and will be offered at the trial.

(2) A report or a copy of a report made by a person who is a physician, chemist, firearms identification expert, examiner of questioned documents, fingerprint technician, or an expert or technician in some comparable scientific or professional field, concerning the results of an examination, comparison, or test performed by him in connection with the investigation of the case against the defendant may, when certified by such person as a report made by him or as a true copy thereof, be received as evidence of the facts stated therein.

(3) Unauthenticated copies of official records shall be admissible provided the copies were made from the original records and properly authenticated copies will be available at the trial.

(4) Written sworn statements of the persons who claim to have title or an interest in property shall be admitted to prove ownership or that the property was obtained without the owner's consent, and written sworn statements of such persons or of experts shall be admitted to prove the value of the property, provided that admissible evidence to prove ownership, value, or nonconsent is available and will be presented at the trial.

(5) Written sworn statements of witnesses who for reasons of ill health or for other valid reasons are unable to testify in person shall be admitted, provided that such witnesses or otherwise admissible evidence will be available at the trial to prove the facts stated in the statements.

(6) Oral or written summaries made by investigating officers or other persons, who are called as witnesses, of the contents of books, records, papers and other documents which they have examined but which are not produced at the hearing or previously submitted to defense counsel for examination, provided the documents and summaries would otherwise be admissible. It shall be permissible for a police officer in charge of the investigation to give an oral summary.

In *State v. Florence,* 306 Minn. 442, 239 N.W.2d 892 (1976), we held that (a) the adversarial preliminary hearing previously required by statute became obsolete upon the adoption of Rule 11.03, (b) the probable cause hearing provided by Rule 11.03 was not intended to serve as a substitute for discovery, which is governed primarily by Rule 9, and (c) generally the trial court's determination of probable cause to believe the defendant committed the offense charged could be based upon the entire record including "reliable hearsay in whole or in part," as specifically provided in Rule 11.03. In so holding, we relied in part on *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), in which the United States Supreme Court held that the judicial determination of probable cause *to detain* a defendant need not be accompanied by the full panoply of adversarial safeguards such as witness confrontation, cross-examination, and compulsory process for witnesses. We added, however, that Rule 11.03 did not bar a defendant from producing the testimony of witnesses that, if believed, would establish the defendant's innocence. We stated that when a defendant does the latter, then the prosecutor has the option of presenting or not presenting rebuttal testimony, and the trial court must then decide if the record contains sufficient evidence admissible at trial or evidence falling within the six exceptions of Rule 18.06, subd. 1, to justify requiring the defendant to stand trial on the offense charged in the complaint.

The state does not argue that a defendant may be completely barred from calling the alleged victim at the probable cause hearing if the victim's testimony will establish the defendant's innocence. Defendants did not subpoena the alleged victims or the other minor witness for that purpose. Instead, defendants wanted to call the witnesses to question them in the hope of discovering more information as to when the alleged offenses occurred.

The Court of Appeals panel ruled that under the circumstances the defendants had a limited right to call the witnesses at the hearing. The court cited a number of factors to be considered in deciding whether to allow a defendant in a particular case to call the victims, including (a) the specificity of the complaint, (b) the existence of a written statement by the victim or a transcript of an oral statement, (c) the specificity and consistency of the police reports, and (d) whether defense counsel had a chance to interview the victims before the omnibus hearing. *Rud,* 352 N.W.2d at 484. The court stated that in this case (a) the complaint alleged that one incident occurred in September 1983 and the other during June-August 1983, (b) no written statement or transcript of an oral statement existed, (c) the police reports were summary and contradictory, and (d) the defense had not been able to interview the victims. Concluding that the information provided the defense was inadequate, the court ruled that the defense should be permitted to call the

witnesses at the probable cause hearing. *Id.* The dissent argued that the majority's opinion (a) was inconsistent with the *Florence* case and (b) had the effect of extending discovery beyond the boundaries set by the rules. *Id.* 306 Minn. at 485–87, 239 N.W.2d at 892 (Forsberg, J., dissenting).

■ As we emphasized in *Florence*, in adopting Rule 11.03 we were of the view "that the probable cause hearing should not be used as a substitute for disclosure and discovery and that the legitimate concern of the defendant to know the case against him before trial should be dealt with by other means." 306 Minn. at 450, 239 N.W.2d at 898. The "other means" are those provided by Rule 9 (the primary discovery rule); Rules 7.01 and 19.04, subd. 6(1) (*Rasmussen* notice of evidence obtained from the defendant and of identification procedures); Rules 7.02 and 19.04, subd. 6(2) (*Spreigl* notice of other-crime evidence to be offered at trial); and Rule

18.05 (record of testimony of grand jury witnesses). Together these rules "are intended to give the defendant and prosecution as complete discovery as is possible under constitutional limitations." Minn.R. Crim.P. 9, comment.[1]

■ In short, the calling of victims to testify at the probable cause hearing for discovery purposes is not contemplated by the rules and is not permitted by *Florence*. Therefore, we hold that the Court of Appeals erred in reversing the trial court's quashing of the subpoenaes.

■ A related issue which was briefed and argued in this court is whether a defendant may circumvent our holding by the simple expedient of taking the stand and denying his guilt, in an attempt to force the prosecutor to call the victim. As we stated in *Florence*, Rule 11.03 did not bar a defendant from producing the testimony of witnesses that, if believed, would establish

---

1. A discovery device that is not provided a defendant by the rules is the discovery deposition. Minn.R.Crim.P. 21.01 allows the taking of depositions of a prospective witness only upon a showing of reasonable probability that the witness will be unavailable—*i.e.,* the rule allows depositions not for discovery purposes but to preserve testimony. The rules mirror the federal rules in this respect. Several states have adopted rules permitting the defense to take depositions for discovery purposes under certain circumstances. For a brief discussion of the arguments pro and con, *see* Y. Kamisar, W. LaFave and J. Israel, Modern Criminal Procedure, 1168–70 (5th ed. 1980). The advisory committee presumably was aware of the arguments pro and con when it drafted the rules, which do not provide for the taking of discovery depositions.

A criminal defendant has a right to attempt to interview the victims without interference from prosecution. Rule 9.03, subd. 1, specifically provides that the prosecutor shall not advise witnesses, including the victims, to refrain from being interviewed by defense counsel. It is true that the victims do not have to submit to such interviews but neither do defense witnesses have to submit to interviews by the prosecutor.

The contention of the defendants in this case that the complaint was too vague and uncertain as to the dates of the offenses to allow the defendants to defend themselves is a contention that we have dealt with in a number of cases, most recently in *State v. Becker,* 351 N.W.2d 923 (Minn.1984) (holding that in a prosecution for intrafamilial sexual abuse on the basis of multi-

ple acts over an extended period of time, Minn. Stat. § 609.3641, subd. 1(2)(e) (1982), the complaint was defective because it failed to state a reasonably specific time period in which the acts occurred but that the defendant was not prejudiced by this because the allegations were not so vague as to make it impossible for the defendant to defend herself). *See also State v. Waukazo,* 269 N.W.2d 373, 375 (Minn.1978), which is the leading case on the subject.

The basic premise of the defense argument was that in a case such as this more information as to the dates of the offenses likely can be obtained by letting the defense counsel call and question the victims at the omnibus hearing. Sympathetic as we are to the need of a criminal defendant to know as precisely as possible when the alleged offenses occurred, we question the premise that such information likely can be obtained by letting the defense counsel call and question the victims at the probable cause hearing. As we stated in *Waukazo* and as we have learned from considering a large number of appeals by defendants convicted of sexually abusing children, the usual reason that the complaint is vague as to the dates of the offenses is that the offenses do not come to light immediately and the victim cannot give precise dates. In other words, it is not that the victim is withholding the information and it is not that the prosecutor does not want to provide the defendant with fair notice of the precise dates—rather, it is that the victim, being a child, cannot say precisely when the offenses occurred and the prosecutor is therefore unable to do so either.

the defendant's innocence. Nothing we say today prevents a defendant from taking the stand at the omnibus hearing and denying his guilt or from otherwise producing witnesses whose testimony, if believed, would exonerate him. We believe, however, that it would be an extraordinarily rare case in which the defendant would be justified in himself calling the victim for this purpose and that ordinarily the production of testimony exonerating the defendant will not force the prosecutor to call the victim to rebut the defendant's evidence.

■ We believe that a defendant may not call the victim as an exonerating witness at the probable cause hearing without making a persuasive offer of proof that the victim's testimony, when considered in the context of all the admissible evidence that the prosecutor will produce at trial, will lead to a dismissal of the charges. An offer of proof that the victim has expressed some reluctance to testify against the defendant will not be sufficient to justify a defendant's calling the victim. Indeed, an offer of proof that the victim has recanted and is prepared to testify in exoneration of the defendant will not be enough if the prosecutor makes a counteroffer which discredits the recantation or establishes the existence of other admissible evidence that would justify denial of a trial motion for a directed verdict of acquittal. *Cf. State v. Ellert*, 301 N.W.2d 320 (Minn.1981) (affirming an assault conviction in a case in which the victim testified at trial as a witness for the defense rather than for the state).

■ Further, modifying *Florence*, we hold that the production of exonerating evidence by a defendant at the probable cause hearing does not justify the dismissal of the charges if the record establishes that the prosecutor possesses substantial evidence that will be admissible at trial and that would justify denial of a motion for a directed verdict of acquittal. The purpose of allowing a defendant to challenge probable cause at the omnibus hearing is, as we stated in *Florence*, to "protect a defendant who is unjustly or improperly charged from being compelled to stand trial." 306 Minn. at 454, 239 N.W.2d at 900. That purpose can be served without requiring the prosecutor to call the victim and other witnesses whenever the defendant produces evidence that, if looked at in isolation and believed, would exonerate him. If, in such a situation, the complaint, the police reports, the statements of witnesses and the representations of the prosecutor, who is an officer of the court, convince the court that the prosecutor possesses substantial evidence that will be admissible at trial and that would justify denial of a motion for a directed verdict of acquittal, then the court should deny the motion to dismiss without requiring the prosecutor to call any witnesses. We believe that this formulation is sufficiently flexible and strikes an appropriate balance between the interest of a defendant who is improperly or unjustly charged from being compelled to stand trial and the competing interest of not converting the probable cause hearing into a preliminary trial.

Reversed.