STATE of Minnesota, Respondent,

v.

David Walter CRAWFORD, Appellant.

No. C8–86–101.

Court of Appeals of Minnesota.

Oct. 7, 1986.

Review Denied Nov. 19, 1986.

Hubert H. Humphrey, III, State Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Paul R. Jennings, Asst. Hennepin Co. Atty., Minneapolis, for respondent.

Barry V. Voss, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

David Walter Crawford was convicted on one count of intrafamilial sexual abuse, a violation of Minn.Stat. § 609.3642, subd. 1(2)(e) (1984). On appeal, he argues that discovery rules were violated because the prosecutor did not disclose that he had interviewed witnesses who refused to be interviewed by defense counsel and did not disclose information obtained through those interviews. Appellant contends that as a result of the prosecutor's failure to make such disclosures, he was denied due process of law and a fair trial. We affirm.

## FACTS

David and Cathy Crawford were married in 1973. They have three children, a daughter, J.C., born in 1974; a son, D.C., born in 1976; and a daughter, A.C., born in 1980. The Crawfords separated in 1983, and their divorce became final in 1985. Following the parties' separation, Cathy entered counseling with the Domestic Abuse Program. On July 9, 1984, A.C. was first interviewed by Ruth Olson, a counselor with the children's component of the program. The interview sessions continued in subsequent months, and included sessions with A.C. and J.C. individually and with all three children and their mother. The sessions revealed information that formed the basis for a complaint filed on July 8, 1985, charging appellant with two counts of intrafamilial sexual abuse. Count one involved A.C., and count two involved J.C.

Appellant requested discovery on October 7, 1985, seeking among other things names and addresses of witnesses the State intended to call, and permission to inspect and reproduce the witnesses' relevant written or recorded statements and any written summaries of the substance of relevant oral statements made by such witnesses to prosecution agents. The request in effect paralleled the scope of discovery outlined in Minn.R.Crim.P. 9.01, subd. 1(1)(a) (1986). The prosecutor responded to appellant's request by making the county attorney's file on the case available to appellant's attorney.

Later, the prosecutor served notice of an intention to offer certain out-of-court statements by A.C., indicating that he felt A.C. would be unable to testify due to her age. The availability of A.C. to testify was considered at an omnibus hearing. During the hearing, Ruth Olson testified regarding statements made by Cathy Crawford and the three children. Defense counsel objected, arguing that the testimony included information about appellant's past behavior

beyond that which was included in Olson's two written statements which appellant had obtained through discovery. Olson stated she was testifying from notes she retained that had formed the basis for the written reports. Neither counsel had copies of the notes. The court ordered that copies of the notes be provided to both attorneys, although defense counsel stated at the trial that he had not read the notes. The court also granted defense counsel's request for a twenty-four hour continuance to interview Cathy Crawford and the children regarding statements concerning appellant's behavior. There apparently had been no previous attempt by defense counsel to interview Cathy or the children.

The interviews were not conducted. Cathy refused permission to interview the children, stating that interviews only a few days before the children were scheduled to testify would add unnecessary stress. Defense counsel did not report this to the court at the commencement of the trial. The inability to interview was later disclosed during cross-examination of a witness, but no relief was sought at that time. After the jury returned a verdict of guilty of intrafamilial sexual abuse of J.C., appellant moved for a new trial, based in part on the fact that the prosecutor had spoken to Cathy and the children numerous times but had not memorialized the conversations nor provided defense counsel with an oral summary of the interviews. The motion was denied.

## ISSUE

Did the trial court abuse its discretion in refusing to grant a new trial based on the prosecutor's failure to disclose that interviews had been held and to disclose the substance of statements made during those interviews, although no written or recorded summaries of the interviews had been made?

## ANALYSIS

■ Administration of discovery rules "is entrusted to the 'good sense and experience of the [trial] judge * * * '." *State v.*

*King,* 296 Minn. 306, 314, 208 N.W.2d 287, 292–93 (1973) (quoting *Palermo v. United States,* 360 U.S. 343, 353, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287 (1959)). *See also State v. Snyder,* 375 N.W.2d 518, 524 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. Dec. 13, 1985). If there is a failure to comply with discovery rules, the trial court has the discretion to impose sanctions. *State v. Buchmann,* 380 N.W.2d 879, 884 (Minn.Ct.App.1986).

Appellant contends that there was a failure to comply with discovery rules because the prosecutor did not disclose that witnesses had been interviewed and, even though no written or recorded summaries had been made, did not disclose the substance of the interviews. Appellant concedes that Minn.R.Crim.P. 9.01, subd. 1(1)(a) does not expressly require such disclosure. Instead, he urges that the duty to disclose the fact that interviews were conducted and the substance of those interviews arises from the spirit of the discovery rules to provide the most complete discovery possible, especially where witnesses do not submit to interviews by opposing counsel.

■ The Rules of Criminal Procedure do not require that the State either fully transcribe oral statements by victims or take written statements from them. Likewise, the rules do not require that the State transcribe or take written statements from witnesses who are not victims.

■ Counsel for the State and for the defendant are able to interview the witnesses, which is the tool established by the rules for discovering the substance of testimony to be elicited at trial. *State v. Rud,* 359 N.W.2d 573, 578 n. 1 (Minn.1984). It is true that victims do not have to submit to such interviews by defense counsel, but neither do defense witnesses have to submit to interviews by the prosecutor. *Id.*

■ Although there is not a per se rule requiring disclosure of interviews with witnesses or the substance of statements made during such interviews, there are situations where the particular facts of a case

give rise to a duty to disclose. *See State v. Schwantes*, 314 N.W.2d 243 (Minn.1982). The spirit of the discovery rules does not countenance purposely avoiding discovery by failing to record statements made by witnesses. However, there is no indication here of a bad faith attempt to avoid discovery. The prosecutor disclosed the names of witnesses to be called, including the name of Ruth Olson, the counselor who testified at the omnibus hearing. Written reports from the counselor were also disclosed. Defense counsel made no indication that he needed additional information until the omnibus hearing, when Olson indicated she had notes containing details not stated in the written reports. Those notes summarized statements made by appellant's ex-wife and his children regarding appellant's behavior. The court allowed a continuance. Olson's notes were made available to both attorneys, but defense counsel did not read them.

We recognize the difficulty presented when witnesses refuse to be interviewed. However, in the absence of an effort to purposely avoid discovery, the rules provide no mechanism for dealing with the situation beyond requiring that the prosecutor refrain from influencing witnesses to refuse interviews. Where there are no written or recorded statements or summaries of interviews, alternative means of gathering information must be considered. In this instance, defense counsel, through Olson's notes, had notice of testimony to be elicited at trial. There is no claim that the prosecutor purposely sought to avoid discovery by failing to record statements or that the prosecutor interfered with defense counsel's access to information. Therefore, we must conclude that the trial court did not abuse its discretion in denying appellant's motion for a new trial. Nor did the court err in determining, in effect, that neither the letter nor the spirit of the discovery rules was violated here.

## DECISION

The trial court did not abuse its discretion in denying a new trial based on the prosecutor's failure to disclose that witnesses had been interviewed or to disclose the substance of the interviews.

Affirmed.