STATE of Minnesota, Appellant,

v.

Kelly Theresa DUNAGAN, Respondent.

No. C4–94–318.

Supreme Court of Minnesota.

Aug. 30, 1994.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that (a) the petition of the State of Minnesota for further review of the unpublished decision of the Court of Appeals be, and the same is, granted; (b) the decision of the Court of Appeals affirming the district court's order dismissing, for lack of probable cause, a criminal complaint charging defendant with criminal vehicular operation resulting in death, Minn. Stat. § 609.21, be, and the same is, reversed; and (c) the case is remanded to the district court for trial.

The issue is whether defendant's evidence at the *Florence* hearing was sufficient to exonerate her by establishing that her conduct was not a substantial cause of the accident that killed the decedent and that instead decedent's conduct caused the accident. Under *State v. Florence,* 306 Minn. 442, 239 N.W.2d 892 (1976), as modified by *State v. Rud,* 359 N.W.2d 573 (Minn.1984), "the production of exonerating evidence by a defendant at the probable cause hearing does not justify the dismissal of the charges if the record establishes that the prosecutor possesses substantial evidence that will be admissible at trial and that would justify denial of a motion for a directed verdict of acquittal." *Rud,* 359 N.W.2d at 579. As we further said in *Rud,* "If * * * the complaint, the police reports, the statements of witnesses and the representations of the prosecutor, who is an officer of the court, convince the court that the prosecutor possesses substantial evidence that will be admissible at trial and that would justify denial of a motion for a directed verdict of acquittal, then the court should deny the motion to dismiss without requiring the prosecutor to call any witnesses." *Id.*

■ The ultimate causation question at trial will be whether the defendant's conduct was a "substantial causal factor." *State v. Sutherlin,* 396 N.W.2d 238 (Minn.1986) (even if intervenor's wrestling of gun caused gun to fire that killed victims, defendant could still be found guilty of premeditated murder because his premeditated conduct set in motion the events that caused intervenor to intervene and was a "substantial causal factor"). *See also State v. Crace,* 289 N.W.2d 54, 59 (Minn.1979) (rejecting argument that trial court erred in not instructing the jury that the defendant's contributory negligence, if any, would be a defense to a charge of second-degree manslaughter), and *State v. Jaworsky,* 505 N.W.2d 638 (Minn.App.1993) (rejecting argument that trial court erred in failing to give specific instruction on superseding cause in prosecution for criminal vehicular operation resulting in death under the current statute), *pet. for rev. denied* (Minn.1993).

■ In the instant case it appears that the state has evidence that, if believed, will establish (a) that defendant was driving the car, (b) that defendant was driving "real fast"—"at least 70 m.p.h." and in an aggressive way, blinking her bright lights at a driver (who himself was passing some cars) in order to get him to get out of her way, (c) that defendant had a blood alcohol concentration of .12 two hours later, (d) that the accident was a one-vehicle roll over accident not caused by any other car or by road conditions or hazards and (e) that after the accident defendant and a friend who was driving in another car lied to the investigators, claiming that the victim was driving the car involved in the roll over. This evidence, by itself, clearly would be sufficient to entitle the state to get to the jury on the issue of whether defendant's driving with a blood alcohol concentration of .10 or more was a substantial causal factor in the death of the victim. *See State v. Storvick,* 428 N.W.2d 55, 60 (Minn.1988) demonstrating some of the inferences that can be drawn from objective facts such as these.

The question then becomes, would the jury be obliged to believe the testimony of the defense witnesses at the *Florence* hearing (that the victim caused the accident by reaching over and interfering with defendant's driving) in the absence of some more direct rebuttal testimony by the state (indicating that the victim did not cause the accident). We conclude that the jury would not be obliged to believe the testimony of the defense witnesses, particularly in view of the state's evidence available to impeach their testimony—specifically, the evidence that they lied at the scene, claiming that the victim was the driver, and, at the same time,

the fact that neither of them mentioned anything at the scene about the victim reaching over and causing the accident.

In summary, this is a case for the jury. The court of appeals' decision is therefore reversed and the matter is remanded to the district court for trial.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice

WAHL, J., took no part in the consideration or decision of this case.