*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2175**

Jay Nygard, et al.,
Appellants,

vs.

Penny Rogers, et al.,
Respondents.

**Filed November 16, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-CV-13-3138

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for appellants)

Robert H. Tennant, III, Meghan A. Cooper, Stringer & Rohleder, Ltd., St. Paul, Minnesota (for respondents)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellants Jay and Kendall Nygard (the Nygards) appeal the district court's denial of their motion for a new trial. Because the district court properly found no grounds upon which to order a new trial, we affirm.

**FACTS**

The Nygards' appeal arises from a lawsuit they filed against their next-door neighbors, Penny Rogers and Peter Lanpher, to quiet title to a sliver of land between their respective properties. Respondents Rogers and Lanpher countersued the Nygards for, among other claims, nuisance arising out of the location of a wind turbine. This appeal concerns only the nuisance claim.

Jay Nygard is a green-energy advocate. Between September 2010 and March 2011, he installed a wind turbine near the boundary line dividing the two properties. Rogers and Lanpher objected to the installation of the turbine. Based on Nygard's experience as a city council member, he believed that he did not need a permit to install the wind turbine, and he did not obtain one.[1]

After the Nygards had installed the turbine, they applied for a permit, which the City of Orono denied. Independent of the instant lawsuit, the Nygards sued the City of Orono in district court to review the denial of their permit application.

In February 2013, the Nygards sued Rogers and Lanpher, asserting claims for adverse possession and boundary by practical location, and Rogers and Lanpher countersued.

In May 2013, following the Nygards' unsuccessful lawsuit against the City of Orono, the district court in that case ordered the Nygards to remove the turbine. One

---

[1] The Nygards now have a second turbine attached to their home and a third, currently nonoperational, turbine near the lakeshore on their property. This appeal concerns only the large turbine near the neighbors' boundary line.

month before trial in this lawsuit, the district court in the City of Orono lawsuit found the Nygards in constructive civil contempt of court for failing to remove the turbine.

At trial in this matter, Rogers and Lanpher testified to the wind turbine's effects on their home. Lanpher testified that the turbine was the first thing they saw out their master-bedroom window. Though the original turbine was 22 feet tall—with 9-foot blades that extend to the surveyed lot line—Lanpher stated that Jay Nygard replaced the original turbine with a 30-foot turbine. Rogers and Lanpher testified that the turbine was loud and created a strobe-light effect, casting flashes of light directly into several rooms in their home and onto their deck.

In the Nygards' defense to the nuisance claim, Jay Nygard testified that he planned to remove the turbine to comply with the district court's order in the lawsuit against the City of Orono. The Nygards' trial counsel argued that, because the Nygards intended to remove the turbine, it could not amount to a nuisance.

The district court ruled in favor of Rogers and Lanpher on the nuisance claim and ordered the Nygards to remove the wind turbine. The district court found that the turbine's strobe-light effect on Rogers and Lanpher's living spaces was an ongoing interference with their enjoyment of the property. It concluded that there was no apparent way to operate the wind turbine without creating the effects about which Rogers and Lanpher testified, which justified removing the turbine. But, given the preexisting

order to remove the turbine in the City of Orono lawsuit, the district court noted that its order regarding the turbine may be moot.[2]

The Nygards obtained new counsel and filed a motion for a new trial or relief from judgment on the nuisance claim. *See* Minn. R. Civ. P. 59.01(a), 60.02(f). In response, Rogers and Lanpher requested that the district court order damages related to the ongoing presence of the wind turbine. The district court concluded that the majority of the Nygards' motion for a new trial or relief from judgment relied on a new argument concerning the effect of a statutory scheme governing wind-energy-conversion systems, which was not relevant to a private nuisance case. *See* Minn. Stat. 216F.02 (2014). Moreover, it noted that the Nygards did not argue the application of the wind-energy statute at trial; nor had they demonstrated how the wind-energy statute applied to a private nuisance case. The district court concluded that the Nygards alleged no trial irregularities and provided no reasons justifying a new trial. *See* Minn. R. Civ. P. 59.01(a), 60.02(f). Ultimately, the district court denied the Nygards' motion for a new trial or relief from judgment and deferred ruling on Rogers and Lanpher's damages claim.

The district court then determined that the Nygards had substantially complied with its order to remove the turbine in March 2015. The district court later denied Rogers

---

[2] This court recently affirmed the district court's order in the City of Orono lawsuit. *See City of Orono v. Nygard*, No. A14-1062, 2015 WL 2467194, at *7–9 (Minn. App. June 1, 2015). After affirming the district court's subject matter jurisdiction over the Nygards' permitting dispute with the City of Orono, this court concluded, "[a]s to this turbine, the matter is settled: the Nygards' decision to construct the turbine without receiving the necessary permit from Orono means that the wind turbine must be removed from their property." *Id.* at *8.

and Lanpher's damages claim in April 2015. The Nygards appeal the denial of their motion for a new trial.

## D E C I S I O N

The Nygards contend that the district court deprived them of a fair trial and thus improperly denied their motion for a new trial. We disagree.

As a preliminary matter, Rogers and Lanpher reiterate their claim for damages related to the continued presence of the wind turbine after the district court ordered that it be removed. Because Rogers and Lanpher did not file a notice of related appeal following the district court's denial of their damages claim, their damages claim is not properly before this court. *See City of Ramsey v. Holmberg*, 548 N.W.2d 302, 305 (Minn. App. 1996) ("[A] party must file a notice of review to challenge the district court's ruling on a particular issue."), *review denied* (Minn. Aug. 6, 1996).

Rogers and Lanpher also argue that this appeal is moot in light of our decision finalizing the district court's order to remove the turbine in the Nygards' permitting dispute with the City of Orono and because the Nygards have removed the turbine. *See City of Orono*, 2015 WL 2467194, at *7–8. Mootness doctrine "requires that we decide only actual controversies and avoid advisory opinions." *In re McCaskill*, 603 N.W.2d 326, 327 (Minn. 1999). When a decision on the merits is no longer necessary or an award of effective relief is no longer possible, an appellate court should dismiss an appeal as moot. *Dean v. City of Winona*, 868 N.W.2d 1, 5 (Minn. 2015) (citing *In re Minnegasco*, 565 N.W.2d 706, 710 (Minn. 1997)). We ordinarily dismiss an appeal as

moot "when a dispute between two litigants is settled or in some other way resolved during the pendency of an appeal." *State v. Rud*, 359 N.W.2d 573, 576 (Minn. 1984).

But the mootness doctrine is not a mechanical rule that we invoke automatically; rather, it is a "flexible discretionary doctrine." *Dean*, 868 N.W.2d at 4 (citing *Rud*, 359 N.W.2d at 576). And exceptions to the doctrine exist. *See Kahn v. Griffin*, 701 N.W.2d 815, 821 (Minn. 2005) (issues capable of repetition, yet likely to evade review); *In re McCaskill*, 603 N.W.2d at 327 (issues giving rise to collateral consequences); *Rud*, 359 N.W.2d at 576 (issues that are functionally justiciable and of statewide importance).

Even assuming, without deciding, that an exception to the mootness doctrine may apply, the Nygards' contention that the district court improperly denied their motion for a new trial fails on the merits.

Trial courts should grant motions for a new trial cautiously, sparingly, and "only in furtherance of substantial justice." *Leuba v. Bailey*, 251 Minn. 193, 194, 88 N.W.2d 73, 74 (1957). Grounds for a new trial include any "[i]rregularity in the proceedings of the court . . . or any order or abuse of discretion, whereby the moving party was deprived of a fair trial." Minn. R. Civ. P. 59.01(a). The trial court may also order a new trial or relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02(f). "The decision to deny a motion for a new trial rests in the discretion of the district court, and [appellate courts] will reverse that decision only for a clear abuse of that discretion." *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 629 (Minn. 2012).

The Nygards argue that the district court deprived them of a fair trial.[3] They maintain that the district court overlooked Minnesota Statutes section 216F.02, which they claim establishes their statutory right to maintain the wind turbine and which the district court should have reconciled with the nuisance claim.[4] The Nygards also contend that a district court order interpreting section 216F.02 implemented a sea change in the law of wind turbines, creating applicable new precedent. We reject these arguments.

The Nygards allege no irregularity or other abuse of discretion to justify a new trial. *See* Minn. R. Civ. P. 59.01(a), 60.02(f). Instead, the Nygards appear to assert that our judicial system requires a district court to present arguments on a litigant's behalf. This assertion mischaracterizes the district court's role in our adversarial legal system. Moreover, a district court's interpretation of a statute is not binding on even a sister district court, much less this court, and thus cannot qualify as a "sea change" in the law. *See Boutin v. LeFleur*, 591 N.W.2d 711, 714 (Minn. 1999); *cf. Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quotation omitted).

---

[3] On appeal, the Nygards advance no procedural grounds to support their claim that they were denied a fair trial. Before the district court, however, they moved for a new trial under rules 59.01(a) and 60.02(f). Accordingly, we analyze their argument under the framework of rules 59.01(a) and 60.02(f).

[4] That section states "[a]ny person may construct [a small wind-energy-conversion system] without complying with . . . this chapter." Minn. Stat. § 216F.02 (b) (2014). The Nygards' counsel conceded at the new-trial motion hearing that they raised the application of section 216F.02 for the first time in their motion for a new trial.

Finally, the statute the Nygards proffer to support their argument was enacted in 1995, well before they determined a trial strategy. 1995 Minn. Laws ch. 203, § 2, at 984. And, even if the Nygards had timely asserted section 216F.02 on their own behalf, their wind turbine did not conform to the local ordinances governing siting and construction upon which construction is contingent. *See City of Orono*, 2015 WL 2467194, at *1–2, *8. Absent compliance with local regulations, the turbine is unlawful. *See* Minn. Stat. § 216F.02 (c) (2014) ("Nothing in this chapter shall preclude a local governmental unit from establishing requirements for the siting and construction of [small wind-energy-conversion systems].")

Accordingly, we agree with the district court's thorough, well-reasoned order. Because the Nygards failed to assert a procedural irregularity or any other reason justifying relief from the judgment, the district court properly denied the Nygards' motion for a new trial.

**Affirmed.**